United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cheng Yizhou, Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 22-23558-Civ-Scola |
| The Individuals, Partnerships, and Unincorporated Associated Identified on Schedule "A", Defendants. | )<br>)<br>)<br>)<br>) |

### Order Granting Preliminary Injunction

This matter is before the Court on Plaintiff Cheng Yizhou's Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. (ECF No. 17.) The Court previously granted the Motion in part and entered a Temporary Restraining Order ("TRO," ECF No. 22) and subsequently extended the TRO's duration (ECF No. 25). The Plaintiff, Cheng Yizhou, also moves for entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Complaint, and an order restraining the financial accounts used by the Defendants pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court heard oral argument on the motion for preliminary injunction on December 9, 2022, at which none of the Defendants appeared.

The Court has carefully considered the Motion, the record, the arguments, and the governing law. For the reasons stated below, the Court **grants** the Plaintiff's Motion for a Preliminary Injunction. (**ECF No. 17**.)

### 1. Background

On November 1, 2022, Plaintiff Cheng Yizhou filed the present action for copyright infringement alleging that the Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using the Plaintiff's federally registered copyright art or a substantially similar reflection thereof, in violation of federal copyright law. (ECF No. 1).

Plaintiff is the owner of four (4) U.S. copyright registrations for 2-D visual art images ("Copyrighted Art"). Each of these images is individually registered with the United States Copyright Office and protected from infringement under federal copyright law. (*See* Compl. at Ex. No. 1-4, ECF Nos. 1-1 – 1-4; "Copyrighted Works," ECF Nos. 11-1 – 11-4.) The Plaintiff

demonstrated he is the owner of the Copyrighted Art by submitting copies of the U.S. copyright registrations: 1) Registration Number VA 2-279-758; 2) Registration Number VA 2-279-757; 3) Registration Number VA 2-280-456; and 4) Registration Number VA 2-280-455, all with an effective date of August 18, 2021. (Compl. at Ex. 1-4; Copyrighted Works; *see also* Cheng Decl., ECF No. 14, ¶ 4.)

The Plaintiff is the owner of all rights, title, and interest to the Copyrighted Art, which the Plaintiff advertises, offers for sale, and sells the Copyrighted Art in authorized e-commerce stores such as Amazon, among others. (Cheng Decl. ¶ 7.) The Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the Copyrighted Art. (*Id.* ¶ 8.) Each of the four images contained in the Copyrighted Art has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. (*Id.* ¶ 9.) The Plaintiff establishes that he suffers irreparable injury any time unauthorized sellers, such as the Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the Copyrighted Art. (*Id.* ¶ 10.)

Without the Plaintiff's permission or license, the Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of the Plaintiff's Copyrighted Art within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites (such as Amazon, Aliexpress and Wish.com) operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Complaint. ("Schedule A," ECF No. 12; *see also* Cheng Decl. ¶ 17.) Through a simple comparison of the Defendants' infringing goods with Plaintiff's Copyrighted Art, a layman can observe the Defendants' infringement of the Plaintiff's exclusive copyrights as the images are virtually exact duplicates or substantially similar images to the Plaintiff's Art. (*Compare* Compl. Ex. 1-4; Copyrighted Works; *with* "Schedule B," ECF No. 16 (providing screenshots of the Defendants' products on their e-commerce stores); Rubio TRO Decl., ECF No. 15, ¶ 5; *and* Cheng Decl. ¶¶ 12-16.)

### 2. Legal Standard

The Copyright Act provides that courts may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A party seeking to obtain a preliminary injunction must demonstrate:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;
(3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and,
(4) that granting the injunction would not disserve the public interest.

*See Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (citing *Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir.1998)) (applying the test to a preliminary injunction in a Copyright Act case).

### 3. Analysis

The Plaintiff brings suit against 340 ecommerce sellers, alleging one count of copyright infringement against each. In support, the Plaintiff provided the Court with nine pages of Cheng's copyrighted photographs (ECF Nos. 11-1 11-2, 11-3, 11-4) and nearly 1,400 pages of screenshots from the Defendants' various ecommerce websites (Schedule "B," ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6). The Plaintiff left it to the Court to piece together which photograph or thumbnail on each Defendants' website infringed which of the Plaintiff's works. While the Court underwent this exercise, it kept a few legal principles in mind.

To succeed on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). Copyright is built on the "fundamental axiom" that "copyright protection does not extend to ideas but only to particular expressions of ideas." *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 (11th Cir. 2008) (citing 17 U.S.C. § 102(b)). To determine whether one work infringes on another, "courts look to whether 'substantial similarity' exists between the allegedly infringing work and the protectable elements of the copyrighted work. *Morford v. Cattelan*, No. 21-20039-CIV, 2022 WL 2466775, at *2 (S.D. Fla. July 6, 2022) (Scola, J.) (cleaned up).

The Court finds that the Plaintiff has established a substantial likelihood of success on the merits. First, the Court finds that the Plaintiff established a substantial likelihood of success in proving that Cheng owns valid copyrights in the Copyrighted Art. Moreover, the Plaintiff established a substantial likelihood of success in showing that the Defendants reproduced the

protectable elements of one or more of the Copyrighted Art in furtherance of their ecommerce businesses.

The Court finds that because of the infringement of the Copyrighted Art, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in the Plaintiff's Complaint, Motion for Preliminary Injunction, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers before the Defendants can be heard in opposition unless the Plaintiff's request for relief is granted:

1. The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing images in violation of the Plaintiff's rights;
2. There is good cause to believe that more infringing products bearing reproductions and derivatives of the Plaintiff's Copyrighted Art will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and
3. There is good cause to believe that if the Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

The balance of potential harm to the Defendants in restraining their trade in infringing goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the Copyrighted Art.

The public interest favors issuance of the preliminary injunction to protect the Plaintiff's copyright interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

The Plaintiff may be entitled to recover statutory damages from Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Art infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded

its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal copyright laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of the Plaintiff's Complaint, Motion for Preliminary Injunction, and supporting evidentiary submissions, the Court hereby **ORDERS AND ADJUDGES** that the Plaintiff's Motion for Preliminary Injunction (**ECF No. 17**) is **granted**, under the terms set forth below:

(1) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are preliminarily enjoined as follows:

   (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Copyrighted Art; and

   (b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing reproductions or derivatives of the Copyrighted Art; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of the Copyrighted Art; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

(2) Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Copyrighted Art on or in connection with all Internet based e-commerce stores owned and operated, or

controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

(4) Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Ebay, Etsy, Paypal, and/or Taobao, and their related companies and affiliates (collectively, the "Third-Party Providers"), shall within five (5) business days after receipt of notice of this Order:

(a) Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.  No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(b) Continue to provide the Plaintiff information regarding the (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5) Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6) This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Copyrighted Art at issue in this action and/or unfairly competing with Plaintiff.

(7)     This Order shall go into effect immediately and remain in full force for the pendency of this action or until further order of the Court.

(8)     The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), posted by Plaintiff as evidenced by the Plaintiff's Notice (ECF No. 29) is sufficient and shall remain with the Court until a final disposition or until this preliminary injunction is dissolved or terminated. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**Done and ordered** at Miami, Florida, on December 9, 2022.

_____
Robert N. Scola, Jr.
United States District Judge